IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRANT S., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-02780-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 220-646-327 |

### **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Vikrant S.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.

After Petitioner entered the United States in November 2021, he was detained by immigration authorities, placed in removal proceedings, and released.  As a condition of his release, he agreed to attend scheduled check-ins with Immigration and Customs Enforcement (ICE).  And at one such check-in on November 18, 2025, Petitioner was arrested and re-detained by ICE without any explanation or opportunity to contest the re-detention.  Petitioner has remained in immigration custody ever since.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

The record reflects that Petitioner was arrested (and later released) for several violations of California state law in September 2025.  *See* Dkt. Nos. 8-1, 8-2.  One could conceivably imagine immigration authorities contending that the evidence underlying this arrest might support a finding that circumstances have changed and Petitioner now presents a danger to the community.  But Respondents do not make that argument.  And, it appears, for good reason: nothing in the record suggests that when Petitioner was arrested and detained by immigration officers during an ICE check-in, he was told that his September 2025 arrest played any role.  Indeed, nothing in the record suggests that immigration authorities pointed to any changed circumstances or offered any individualized basis for Petitioner's arrest and detention.  Nor does it appear from the record that they ever asserted that Petitioner is now a danger to the community or a flight risk.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*, *John M.Z. v. Noem*, No. 1:26-cv-2925, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026); *Pengling Miao v. Chestnut*, No. 1:26-cv-01271, 2026 WL 947020 (E.D. Cal. Apr. 8, 2026); *Yon Kervis U. v. Chestnut*, No. 1:25-cv-2066, 2026 WL 88983 (E.D. Cal. Jan. 12, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme

Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

In their opposition to the Petition, Respondents maintain that Petitioner's detention is lawful based on their interpretation of 8 U.S.C. § 1225(b), which they contend applies to Petitioner and requires his mandatory detention.  Respondents do not suggest that Petitioner's 2025 arrest (or any evidence underlying that arrest) serves to materially distinguish this case.  Instead, they argue that because Petitioner "had an encounter with law enforcement" and "had a period of release terminated because of that law enforcement encounter," he lacks a liberty interest protected by the Due Process Clause.  Dkt. No. 8, at pg. 3.  They do not, however, argue that Petitioner's encounter with law enforcement rendered him subject to mandatory detention under any provision of the Immigration and Nationality Act that mandates the detention of noncitizens charged or convicted of certain crimes.  Nor do they argue that any immigration official made any individualized determination about Petitioner's release status based on his arrest or any evidence underlying it.  Respondents' argument rests instead on their contention that "[i]t is the statute that is the sole source of constitutional rights in the case of arriving aliens, and the statute here provides for mandatory detention."  *Id.*  But they "acknowledge the cases" which have held "to the contrary in

3

this District" and offer no persuasive reasoning that would lead the court to conclude that this is case is distinguishable from those other cases. *Id.* at pg. 2.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED. Respondents are ORDERED to immediately release Petitioner Vikrant S. (A# 220-646-327) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

And as this order makes clear, due process does not prevent the government from seeking to detain Petitioner lawfully.  If the government believes Petitioner's September 2025 arrest (or any of the underlying circumstances) are sufficient to justify his detention, it may seek his detention by providing him with adequate pre-deprivation process, as set out above.  The court is granting the petition solely because the government did not provide that process here.

Given the grant of the petition, Petitioner's Motion for Temporary Restraining Order, Dkt. No. 2, is DENIED as moot.  The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 5, 2026, at Honolulu, Hawai'i.



Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-02780-MWJS; *Vikrant S. v. Warden of the Golden State Annex Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS